```
                                                              FILED
                                                         U. S. DISTRICT COURT
                                                       EASTERN DISTRICT ARKANSAS
```
IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

AUG 2 3 2018

JAMES W. McCORMACK, CLERK
By: _____
                        DEP CLERK

**KEVIN SANFORD, Individually and on**          **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                     No. 3:18-cv-158-KGB

**NUCOR-YAMATO STEEL COMPANY**          **DEFENDANTS**
**and NUCOR CORPORATION**

This case assigned to District Judge Baker
and to Magistrate Judge Kearney

## ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Kevin Sanford ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Daniel Ford, Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Class and Collective Action against Defendants Nucor-Yamato Steel Company and Nucor Corporation (collectively "Defendant"), he does hereby state and allege as follows:

**I.     PRELIMINARY STATEMENTS**

1.     This is a class action and a collective action brought by Plaintiff Kevin Sanford, individually and on behalf of all other Production Workers employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2.     Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and other Production Workers lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiff' AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect within the Jonesboro Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to overtime wage violations alleged in this Complaint reside in this District.

10. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenge are located in this District.

## III. THE PARTIES

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiffs is a resident and citizen of Mississippi County.

13. Plaintiff was employed by Defendant as a Production Worker within the three (3) years preceding the filing of this Original Complaint.

14. At all material times, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

15. Separate Defendant Nucor-Yamato Steel Company is a foreign limited partnership, registered and licensed to do business in the State of Arkansas.

16. Separate Defendant Nucor-Yamato Steel Company's registered agent for service of process in Arkansas is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

17. Separate Defendant Nucor-Yamato Steel Company is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

18. Separate Defendant Nucor-Yamato Steel Company operates the largest structural steel mill in the western hemisphere in Mississippi County, Arkansas.

19. Separate Defendant Nucor-Yamato Steel Company has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as raw material used to manufacture steel and steel components.

20. Separate Defendant Nucor-Yamato Steel Company's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

21. Separate Defendant Nucor Corporation is a foreign corporation, registered and licensed to do business in the State of Arkansas.

22. Separate Defendant Nucor Corporation's registered agent for service of process in Arkansas is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

23. Separate Defendant Nucor Corporation is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

24. Separate Defendant Nucor Corporation operates the largest steel production complex in the western hemisphere in Mississippi County.

25. Separate Defendant Nucor Corporation has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as raw material used to manufacture steel and steel components.

26. Separate Defendant Nucor Corporation's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

27. Defendants have one corporate headquarters that centralizes all pay, time and human resource policies so that they are the same across all United States facilities.

28. During the time period relevant to this case, Plaintiff was employed at Defendants' manufacturing facilities in Mississippi County.

29. Defendants acted jointly as the employer of Plaintiff and the proposed collective and class and are and have been engaged in interstate commerce as that term is defined under the FLSA and AMWA.

30. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees through unified management.

31. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as single enterprise.

## IV.   FACTUAL ALLEGATIONS

32. Plaintiff repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

33. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as a Production Worker.

34. Plaintiff and other Production Workers regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

35. Plaintiff and other Production Workers were classified as hourly employees and paid an hourly rate.

36. Plaintiff and other Production Workers were also paid non-discretionary cash awards and bonuses on a regular basis when certain objective and measurable criteria were met.

37. In addition, Defendants paid Plaintiff and other Production Workers one-and-one-half (1.5) times their base hourly rate for each hour they worked over forty (40) in a workweek.

38. However, Defendant did not include the bonuses and cash awards paid to Plaintiff and other Production Workers in their regular rates when calculating their overtime pay.

39. Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses, such as shift and hour-based premiums, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

40. Defendant violated the FLSA and AMWA by not including the non-discretionary bonuses of Plaintiff and other Production Workers in their regular rate when calculating their overtime pay.

41. Plaintiff worked for Defendant at Defendant's facilities in Mississippi County and Defendant's pay practices were the same for all hourly workers at the Mississippi County facilities.

42. The pay practices that violate the FLSA and AMWA alleged herein were the same at all of Defendant's U.S. facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

43. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Production Workers violated the FLSA and AMWA.

44. Defendant's Production Workers were classic manual laborers, working with machinery and equipment to produce Defendant's products in a factory setting.

## V. REPRESENTATIVE ACTION ALLEGATIONS

### A. FLSA § 216(b) Class

45. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

46. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

47. Plaintiff brings his FLSA claims on behalf of all hourly Production Workers employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B. Liquidated damages; and

C. Attorneys' fees and costs.

48. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

49. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B. They were paid hourly rates;

C. They recorded their time in the same manner; and

D. They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per work week.

50. Plaintiff are unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 500 persons.

51. Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action Plaintiff are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action Plaintiff via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B. **AMWA Rule 23 Class**

52. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for

violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

53. Plaintiff proposes to represent the class of hourly Production Workers who are/were employed by Defendant within the relevant time period within the State of Arkansas.

54. Common questions of law and fact relate to all members of the proposed class, such as whether as a result Defendant's failure to include non-discretionary bonuses in its calculation of overtime pay, Defendant paid members of the proposed class a lawful overtime wage in accordance with the AMWA.

55. Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

56. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

57. Plaintiff is unable to state the exact number of the potential members of the AMWA class but believe that the class exceeds 500 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

58. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel know of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

59. Concentrating the litigation in this forum is highly desirable because Defendant's Mississippi County facility is based in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

60. No difficulties are likely to be encountered in the management of this class action.

61. The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as hourly employees for Defendant and experienced the same violations of the AMWA that all other class members suffered.

62. Plaintiff and his counsel will fairly and adequately protect the interests of the class.

63. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

64. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to

individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

65.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

66.    29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

67.    Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiff in their regular rate when calculating their overtime pay.

68.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

69.    By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

70.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

71.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

72.  Plaintiff brings this collective action on behalf of all Production Workers employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for all the overtime compensation for all the hours she and they worked in excess of forty (40) each week.

73.  Plaintiff brings this action on behalf of himself individually and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

74.  29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

75.  Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

76.  In the past three years, Defendant has employed hundreds of Production Workers.

77.  Like Plaintiff, these Production Workers regularly worked more than forty (40) hours in a week.

78.  Defendant failed to pay these workers at the proper overtime rate.

79.  Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **Each hourly Production Worker, or similar position, to whom Defendant paid a bonus pursuant to any bonus plan for at least one week in which the employee worked more than forty hours at any time since August 23, 2015.**

80. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

81. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

82. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

83. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

84. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

85. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

86. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

87. Defendant failed to pay Plaintiff all overtime wages owed, as required under the AMWA.

88. Defendant's failure to include non-discretionary bonuses in Plaintiff's overtime pay resulted in a failure to pay Plaintiff full and complete overtime during weeks in which Plaintiff worked more than forty (40) hours.

89. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

90. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff' initial complaint, plus periods of equitable tolling.

91. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.   FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

92. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

93. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

94. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

95. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

96. Defendant failed to pay Plaintiff and members of the proposed class all overtime wages owed, as required under the AMWA.

97. Defendant's failure to include non-discretionary bonuses in Plaintiff' and members of the proposed class's overtime pay resulted in a failure to pay Plaintiff and members of the proposed class full and complete overtime during weeks in which Plaintiff and members of the proposed class worked more than forty (40) hours.

98. Plaintiff propose to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiff, which may be defined as follows:

> **Each hourly Arkansas Production Worker, or similar position, to whom Defendant paid a bonus pursuant to any bonus plan for at least one week in which the employee worked more than forty hours at any time since August 23, 2015.**

99. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

100. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

101. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Kevin Sanford respectfully pray that Defendant be summoned to appear and to answer herein as follows:

(A)   That Defendant be required to account to Plaintiff, the class and collective members, and the Court for all of the hours worked by Plaintiff and the class and collective members and all monies paid to them;

(B)   A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C)   A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D)   Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E)   Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(F)   Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(G)  Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(H)  Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations; in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(I)  An order directing Defendant to pay Plaintiff and members of the class and collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

(J)  Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**KEVIN SANFORD, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

_____
Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com