IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**KEVIN SANFORD, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                          No. 3:18-cv-158-KGB

**NUCOR-YAMATO STEEL COMPANY**                 **DEFENDANT**

**JOINT STIPULATION FOR CONDITIONAL CERTIFICATION
FOR SETTLEMENT PURPOSES ONLY, DISTRIBUTION OF NOTICE
AND FOR DISCLOSURE OF CONTACT INFORMATION**

COME NOW Plaintiff Kevin Sanford, individually and on behalf of all others similarly situated ("Plaintiff"), by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and Defendant Nucor-Yamato Steel Company ("Defendant") by and through its attorney John Brown of Ogletree Deakins, Nash, Smoak & Stewart, P.C., and pursuant to 28 U.S.C. § 216(b), hereby file this joint stipulation indicating their agreement to conditional certification for settlement purposes only, the distribution of notice and disclosure of contact information for a class of individuals regarding Plaintiff's claims under the Fair Labor Standards Act ("FLSA"). In support of this Stipulation, the parties state as follows:

1. Plaintiff filed his Original Complaint—Class and Collective Action (hereinafter "Complaint") on August 23, 2018. ECF No. 1. Plaintiff worked for Defendant as an hourly-paid production worker in Mississippi County within the three years prior to the filing of the Complaint. *Id.*

Page 1 of 6
Kevin Sanford, et al. v. Nucor-Yamato Steel Company
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-158-KGB
Joint Stipulation for Conditional Certification for Settlement Purposes Only,
Distribution of Notice and for Disclosure of Contact Information

2. Plaintiff and other production workers for Defendant in Mississippi County regularly worked in excess of forty (40) hours per week and were paid one- and one-half times their regular rate for all hours in excess of forty (40) hours. *Id.* In addition to their hourly rate, Plaintiff and other production workers received non-discretionary cash awards and bonuses on a regular basis when objective and measurable criteria were met. *Id.*

3. Plaintiff alleged that Defendant did not include the bonuses and cash awards paid to Plaintiff and other production workers in their regular rate when calculating their overtime pay. *Id.*

4. In his Complaint, Plaintiff sought to represent himself individually and on behalf of all other production workers for Defendant and who were also paid a bonus pursuant to a bonus plan for at least one week in which the employee worked more than forty hours at any time since August 23, 2015. *Id.*

5. Because Defendant did not include the bonuses and cash awards in Plaintiff and all other production workers' regular rate when calculating their overtime pay, Plaintiff contends that he and other production workers who were paid a bonus in at least one week in which they worked more than forty hours were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per week.

6. After engaging in informal discovery and settlement negotiations, Plaintiff and Defendant entered into a Settlement Agreement and Release of Claims resolving the litigation in full on behalf of Plaintiff and similarly situated production workers. The Parties have re-submitted the Settlement Agreement for approval concurrently with the filing of this Joint Stipulation. The Parties have conferred regarding the allegations contained in

Page 2 of 6
Kevin Sanford, et al. v. Nucor-Yamato Steel Company
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-158-KGB
Joint Stipulation for Conditional Certification for Settlement Purposes Only,
Distribution of Notice and for Disclosure of Contact Information

the Complaint and the collective action allegations herein and to address the Court's Under Seal Order entered on May 29, have agreed to stipulate to certain issues.

7. For the purposes of settlement only, the Parties hereby stipulate to certification of the following class, as defined by the Court in its Under Seal Order, and agree that Plaintiff and the class members are similarly situated:

> **All individuals who held an hourly, non-exempt position with Defendant in which they received an auditor bonus and worked more than 40 hours per week during at least one workweek between August 23, 2015 and December 31, 2017.**

8. Courts both in and out of the Eighth Circuit allow for a stipulation to conditional certification. *See generally Joint Stipulation Regarding Conditional Certification, Simmons v. USAble Corporation*, No. 4:20-cv-00137-KGB (E.D. Ark. April 24, 2020), ECF No. 11; *Joint Stipulation Regarding Conditional Certification, Johnson v. A and R Mobile Home Supply and Service, Inc., et al.* No. 4:16-cv-00577-DPM (E.D. Ark. April 18, 2017), ECF No. 14; *Joint Stipulation Regarding Conditional Certification, Vannucci v. Texarkana Behavioral Associates, L.C., et al.* No. 5:19-cv-05076-TLB (W.D. Ark. July 17, 2019), ECF No. 12; *Joint Advisory to the Court, McCullough v. Tour 18 Golf, LLC, and CBIGG Management, LLC*, No. 4:19-cv-408 (S.D. Tex. Apr. 23, 2019), ECF No. 13; *Stipulation of Conditional Certification, Williams v. Coryell County Memorial Hospital Authority*, No. 6:20-cv-223-ADA-JCM (W.D. Tex. June. 12, 2020), ECF No. 12; *Unopposed Motion regarding Conditional Certification, Heslip v. Nixon Engineering, LLC*, No. 5:19-cv-1327-XR (W.D. Tex. May 04, 2020), ECF No. 18; *Joint Advisory to the Court, Ybarra v. Mulder Fire Protection, Inc. and Edward Mulder*, No. 5:19-cv-1302-JKP-RBF (W.D. Tex. Feb. 02, 2020), ECF No. 17.

Page 3 of 6
Kevin Sanford, et al. v. Nucor-Yamato Steel Company
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-158-KGB
Joint Stipulation for Conditional Certification for Settlement Purposes Only,
Distribution of Notice and for Disclosure of Contact Information

9. The parties discerned the identity of the members of the proposed class, through their informal discovery and settlement negotiations. Defendant identified the number of employees who were responsible for production work at Defendant's facility in Mississippi County, worked over forty hours per week in at least one workweek between August 23, 2015, and December 31, 2017, and received an auditor bonus in addition to their hourly wages during the applicable statutory period. The identified potential opt-ins who received these auditor bonuses were employed by Defendant at Defendant's facility in Mississippi County.  The parties also identified the amount of the auditor bonus and the effect the auditor bonus had on each employee's regular rate.

10. The Parties have attached for Court approval their proposed Notice of Lawsuit ("Notice") as Exhibit "1" and their proposed Consent to Join Collective Action ("Consent") as Exhibit "2."

11. The Parties agree that Defendant shall provide the names, last known addresses, and dates of employment since August 23, 2015, of potential opt-in plaintiffs to counsel for Plaintiff in a useable electronic format no later than seven (7) days following the entry of an Order approving this Stipulation.

12. The parties agree that no later than fourteen (14) days after the date of the entry of an Order approving this stipulation, Plaintiff's Counsel shall send by U.S. Mail a copy of the Court approved Notice and Consent.

13. The parties agree that Plaintiff's Counsel is authorized to send a reminder postcard to potential opt-in plaintiffs who have not yet submitted a signed Consent within thirty (30) days of the initial mailing of the Notice.

Page 4 of 6
Kevin Sanford, et al. v. Nucor-Yamato Steel Company
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-158-KGB
Joint Stipulation for Conditional Certification for Settlement Purposes Only,
Distribution of Notice and for Disclosure of Contact Information

14. The Parties stipulate that a period of ninety (90) days from the date of mailing of the Notice and Consent will allow potential opt-in plaintiffs sufficient time to receive notice of the settlement and to return their written consent to become such a party to the settlement.

15. Once a signed Consent is received, Plaintiff's Counsel shall file the Consent, with identifying information redacted, on the Court's docket in compliance with the Court's Under Seal Order.

WHEREFORE, the Parties respectfully request that the Court enter an order approving the terms of this Stipulation, conditionally certifying the proposed FLSA Class and approving the Notice, Consent, Electronic Notices, and Electronic Consent, attached as Exhibits "1" and "2," respectively, for settlement purposes only.

Respectfully submitted,

**PLAINTIFF KEVIN SANFORD,
Individually and on Behalf of All
Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**and**

Page 5 of 6
Kevin Sanford, et al. v. Nucor-Yamato Steel Company
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-158-KGB
Joint Stipulation for Conditional Certification for Settlement Purposes Only,
Distribution of Notice and for Disclosure of Contact Information

**DEFENDANT NUCOR-YAMATO STEEL COMPANY**

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
8117 Preston Road, Suite 500
Dallas, Texas 75225
Telephone: (214) 624-1153
Facsimile: (214) 987-3927

John B. Brown
Tex. Bar No. 00793412
john.brown@ogletreedeakins.com

43691912.1

**Page 6 of 6**
**Kevin Sanford, et al. v. Nucor-Yamato Steel Company**
**U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-158-KGB**
**Joint Stipulation for Conditional Certification for Settlement Purposes Only,
Distribution of Notice and for Disclosure of Contact Information**