IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**KEVIN SANFORD, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 3:18-cv-158-KGB

**NUCOR-YAMATO STEEL COMPANY**     **DEFENDANT**

### RENEWED JOINT MOTION TO DISMISS WITH PREJUDICE AND FOR APPROVAL OF SETTLEMENT AGREEMENT

COME NOW Plaintiff Kevin Sanford, individually and on behalf of all others similarly situated ("Plaintiff"), by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and Defendant Nucor-Yamato Steel Company ("Defendant") by and through its attorney John Brown of Ogletree Deakins, Nash, Smoak & Stewart, P.C., and jointly submit the following Renewed Joint Motion to Dismiss with Prejudice and For Approval of Settlement Agreement:

1. Plaintiff filed this action on August 23, 2018, pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* and Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, *et seq.* as a collective action. *See* ECF No. 1. On an individual and collective basis, Plaintiff asserted that Defendant paid Plaintiff and other similarly situated production workers non-discretionary bonuses on a regular basis when objective and measurable criteria were met. Defendant, however, did not include the bonuses paid to Plaintiff and other similarly situated production workers in their regular rate when calculating their overtime pay. Plaintiff also sought liquidated damages and attorneys' fees. *Id.* Defendant disputed that Plaintiff and other production workers were

Page 1 of 8
Kevin Sanford, et al. v. Nucor-Yamato Steel Company
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-158-KGB
Renewed Joint Motion to Dismiss with Prejudice
and For Approval of Settlement Agreement

not properly compensated for all hours worked, including overtime pursuant to the FLSA and AMWA. *See* ECF No. 12.

2. During the course of the litigation, the Parties engaged in informal discovery regarding hours worked and pay received, including bonuses, by Plaintiff and those similarly situated.

3. Following extensive negotiations between counsel, the Parties entered into a Settlement Agreement and Release of Claims (Settlement Agreement) resolving the litigation in full and requesting dismissal of the above-captioned action with prejudice. A copy of the Settlement Agreement has already been filed with the Court under seal.

4. The Settlement Agreement purports to resolve claims on behalf of those who opt-in to a collective action class to be certified pursuant to the Parties' Joint Stipulation for Conditional Certification for Settlement Purposes Only, Distribution of Notice and for Disclosure of Contact Information ("Joint Stipulation') filed concurrently herewith.

5. Courts in this district have granted approval to FLSA collective action settlements before directing notice to potential opt-ins. *See generally Brown v. Stracener Bros. Constr. Corp.*, No. 3:18-cv-00134-DPM (E.D. Ark. Dec. 23, 2019) (Marshall, J.); *Dey v. Conway Urban Air, LLC*, No. 4:18-cv-790-BRW (E.D. Ark. Aug. 1, 2019) (Wilson, J.); *Pointer v. DirectTV, LLC*, No. 4:17-cv-772-DPM (E.D. Ark. July 19, 2019) (Marshall, J.); *Bobo v. LM Wind Power Blades ND, Inc.*, No. 4-18-cv-230-DPM (E.D. Ark. Mar. 19, 2019) (Marshall, J.); *Milam v. Ark. Util. Protect. Servs., Inc.*, No. 4:18-cv-312-BSM (E.D. Ark. Feb. 15, 2019) (Miller, J.); *Venegas v. Murray Drywall & Insulation of Texas, Inc.*, No. 3:13-cv-36-SWW (E.D. Ark. Nov. 26, 2013) (Wright, J.); *Crocker v. City of Leachville,* No. 3:17-cv-191-DPM (E.D. Ark. Oct. 24, 2018) (Marshall, J.); *Berry v. Razors Edge Pizza,*

Page 2 of 8
Kevin Sanford, et al. v. Nucor-Yamato Steel Company
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-158-KGB
Renewed Joint Motion to Dismiss with Prejudice
and For Approval of Settlement Agreement

*Inc.*, No. 4:19-cv-6-JM (E.D. Ark., Sept. 13, 2019) (Moody, J.); *Order* at *1, Gatlin v. Larry K. Zeno, et al.,* No. 4:19-cv-282-BSM (E.D. Ark. Nov. 06, 2012), ECF No. 26. However, the Parties believe that their stipulation to the collective action class suggested by the Court resolves any doubt as to the Court's ability to approve the Settlement Agreement prior to the sending of notice.

6. The parties believe the Settlement Agreement is fair, reasonable, and adequate, and they request an Order from this Court confirming the same.

7. The Settlement Agreement, if approved, will result in notification to potential class members of their rights to participate in the settlement and claim their offered individual amounts calculated as set forth below and reflected in the Parties' allocation spreadsheet.

8. The parties also request that the Court review and approve the proposed Notice and Consent attached to the Joint Stipulation filed concurrently herewith, as well as the proposed method of distributing Notice, in order to effectuate the terms of the settlement.

9. Upon notice to the Court of the final payment by counsel, the case should be dismissed with prejudice.

10. Circuits are split on whether a private settlement of an FLSA claim requires court approval. Compare *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (enforcing a settlement that was reached without judicial or Department of Labor approval), with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding FLSA settlements require approval from the district court or Department of Labor), and *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (same). The Eighth Circuit has yet to decide this issue. *Barbee v. Big River Steel, LLC*,

Page 3 of 8
Kevin Sanford, et al. v. Nucor-Yamato Steel Company
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-158-KGB
Renewed Joint Motion to Dismiss with Prejudice
and For Approval of Settlement Agreement

927 F.3d 1024, 1027 (8th Cir. 2019).  Assuming court approval is required, the Parties request the Court's review and approval of the Settlement and issuance of an Order approving the Settlement as fair, adequate and reasonable.

11. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.,* 679 F.2d at 1353. A district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Okada v. Eagle's HVAC, LLC*, No. 2:16-CV-02245, 2017 U.S. Dist. LEXIS 205376, at *3 (W.D. Ark. Dec. 14, 2017) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1353, n.8).

12. If the proposed settlement is a reasonable compromise of contested issues, the court should approve the settlement:

> [W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

13. The Parties agree that a bona fide dispute exists.  Plaintiff claims that he and members of the collective action were paid a yearly non-discretionary auditor bonus by Defendant which was not calculated into their regular rate when calculating their overtime pay, resulting in a failure to pay a lawful overtime premium for all hours worked

Page 4 of 8
Kevin Sanford, et al. v. Nucor-Yamato Steel Company
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-158-KGB
Renewed Joint Motion to Dismiss with Prejudice
and For Approval of Settlement Agreement

in excess of forty per week. Defendant denies any liability or wrongdoing of any kind and denies that Plaintiff and those similarly situated were ever denied compensation which they were legally owed.

14.     Here, the settlement between the Parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows litigation, by experienced counsel representing both Parties. The Parties also engaged in settlement negotiations conducted by opposing counsel at arms' length.  The Parties understand that, inherent to litigation, there are uncertainties and risks.  The Parties understand the expense associated with further pleadings, a trial, and, potentially, an appeal.  The Parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement Agreement.  This decision included evaluating the likelihood of prevailing on the merits of their claims and defenses, including the proper method for calculating damages, as well as the amount of any additional fees and costs. Plaintiff has specifically considered the potential value of his claims and the claims of the potential class members and has concluded that the proposed settlement provides a fair and reasonable resolution of the claims. Defendant supports this result because it eliminates the uncertainties, risks, and cost of further litigation and appeals, despite Defendant's denial of Plaintiff's claims.

15.     Damages in this case were calculating by dividing the annual auditor bonus paid to Plaintiff and the class members by 52 weeks. The amount of the bonus received each week was then divided by the total number of hours worked in that week, inclusive of overtime hours, to calculate the increase in the regular rate. The increase in the regular rate of pay was then multiplied by 0.5 to determine the increase in the overtime rate of pay. The increase in the overtime rate of pay was then multiplied by the total number of overtime hours worked in that week. That amount then represented the damages in that

Page 5 of 8
Kevin Sanford, et al. v. Nucor-Yamato Steel Company
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-158-KGB
Renewed Joint Motion to Dismiss with Prejudice
and For Approval of Settlement Agreement

week. The total damages for Plaintiff and the class members, including an equal amount of liquidated damages was calculated to be $18,125.48.

16.     The Parties agreed to a total maximum settlement amount for Plaintiff and the potential class of $18,125.00. The Parties further agreed to a service award to Plaintiff in the amount of $1,500.00, which was to be paid out of the maximum settlement amount, leaving the Parties with $16,125.00 to compensate Plaintiff and the class for their damages.

17.     After Plaintiff and the class were allocated their full actual damages totaling $9,062.74, Plaintiff and the class members took a pro rata share of the remaining maximum settlement amount ($7,562.26) as liquidated damages. The settlement allocation is reflected in the spreadsheet already submitted to the Court under seal. Plaintiff and the potential class members who file a consent to join the settlement are therefore receiving 100% of their actual damages, and well over 50% of their liquidated damages.

18.     One half of the total amount allocated to each potential class member is subject to W-2 tax reporting, and the second half is subject to 1099 reporting. The breakdown between W-2 tax reporting and 1099 reporting is reflected in the allocation spreadsheet.

19.     Potential class members who sign and timely submit their Consent form will be bound by the limited release in the Settlement Agreement, which is explained in the proposed Notice. Potential class members who do not send in a timely Claim Form will not be a part of the settlement or be bound by any release. Thus, there is no concern that the rights of employees who do not participate in the settlement will be affected. *See McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984) (noting that FLSA

Page 6 of 8
Kevin Sanford, et al. v. Nucor-Yamato Steel Company
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-158-KGB
Renewed Joint Motion to Dismiss with Prejudice
and For Approval of Settlement Agreement

collective actions do not implicate the same due process concerns as Rule 23 class actions because, under the FLSA, "parties may elect to opt in but a failure to do so does not prevent them from bringing their own suits at a later date").

20. The parties negotiated an award of a reasonable attorney's fee and costs separately and above the settlement amount to be paid to Plaintiff and potential class members. Under the FLSA, an award of reasonable attorneys' fees and costs to prevailing plaintiffs is mandatory. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Collins v. Barney's Barn, Inc.*, Case No. 4:12-cv-685-SWW (E.D. Ark. 10/16/2014) ("An award of attorney's fees and costs to the prevailing employee is mandatory under § 216(b), but the amount of the award is within the discretion of the court."). Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation, and 29 U.S.C. § 216 "does not require approval of settled attorney fees." *Barbee*, 927 F.3d at 1027. Nevertheless, a district court does retain the authority to ensure that the attorneys' fees were "negotiated separately and without regard to the plaintiff's FLSA claim, and there was no conflict of interest between the attorney and his or her client." Id. at 1027 n.1. Because the fee was negotiated separately and was over and above the maximum recovery for Plaintiff and the potential class, no conflict exists between Plaintiff and counsel, and this resolution sufficiently closes all matters before the Court. Counsel will notify the Court upon mailing of the settlement payments to those who opted in. The lawsuit should be dismissed with prejudice upon the filing of the notice.

WHEREFORE, Plaintiff Kevin Sanford, individually and on behalf of others similarly situated, and Defendant Nucor-Yamato Steel Company, respectfully request that

Page 7 of 8
Kevin Sanford, et al. v. Nucor-Yamato Steel Company
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-158-KGB
Renewed Joint Motion to Dismiss with Prejudice
and For Approval of Settlement Agreement

the Court enter an order approving the Settlement Agreement and dismissing with prejudice this lawsuit in its entirety after final payment has been made, and for all other relief to which they may be entitled.

Respectfully submitted,

**PLAINTIFF KEVIN SANFORD,
Individually and on Behalf of All
Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**and**

**DEFENDANT NUCOR-YAMATO
STEEL COMPANY**

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
8117 Preston Road, Suite 500
Dallas, Texas 75225
Telephone: (214) 624-1153
Facsimile: (214) 987-3927

John B. Brown
Tex. Bar No. 00793412
john.brown@ogletreedeakins.com

43691965.1

**Page 8 of 8
Kevin Sanford, et al. v. Nucor-Yamato Steel Company
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-158-KGB
Renewed Joint Motion to Dismiss with Prejudice
and For Approval of Settlement Agreement**